UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALLAN C. NICHOLSON | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:02-cv-1926 (JCH) |
| | : | |
| BRIAN MURPHY, ET AL. | : | DECEMBER 5, 2003 |

### RULING AND ORDER

Pending before the court are the petitioner's motion for reconsideration of the court's ruling dismissing the petition for writ of habeas corpus [Dkt. No. 8] and a motion for order directing the warden to supply him with the tools needed to access the courts. [Dkt. No. 11]. For the reasons set forth below, the motions are denied.

On February 5, 2003, the court dismissed the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 for failure to exhaust state court remedies. On April 3, 2003, the petitioner filed a notice of appeal of the court's ruling dismissing his petition. The case is currently on appeal to the Court of Appeals for the Second Circuit.

"The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). The filing of a notice of appeal, however, does not automatically divest the district court of jurisdiction over all pending matters. See United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996). The Second Circuit has held that the district

court retains jurisdiction to deny a motion for relief from judgment which is filed pursuant to Federal Rules of Civil Procedure 60(b).  See Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) (after a notice of appeal has been filed, the district court is permitted to entertain and deny Rule 60(b) motion without seeking a remand for that purpose from the Court of Appeals) (citing Ryan v. United States Line Co., 303 F.2d 430, 434 (2d Cir. 1962)).  Thus, the court has jurisdiction to review and deny the petitioner's motion for relief from judgment.  The relief sought in the petitioner's motion for order is unrelated to the claims made in the petition.  Thus, the court concludes that it does not have jurisdiction to review the petitioner's motion for order.

 A motion for reconsideration must be filed within ten days of the filing of the order the party seeks to challenge.  See Local Rules of Civil Procedure, Rule 7(c), ("Motions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which relief is sought.  . . .").  Thus, the present motion, which was filed on April 15, 2003, is untimely.  However, although the motion is entitled a motion for reconsideration, the petitioner states that he is filing the motion pursuant to Rule 60(b).  Thus, the court construes the motion as a motion to vacate or reopen judgment.

 Rule 60(b) provides that the court may relieve a party from a final judgment because of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the

judgment is void; (5) the judgment has been satisfied, released or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment." Rule 60(b)  Any motion pursuant to subsections (1), (2) or (3), however, must be filed "not more than one year after" the entry of judgment.  Id.

On February 5, 2003, the court dismissed the petition for writ of habeas corpus for failure to exhaust state court remedies.  The petitioner claims that on December 30, 2002, the Connecticut Superior Court denied his request for an interlocutory appeal.  He attempts to argue that he can directly appeal to this court because the state court denied his request for an interlocutory appeal.  Because these allegations were not raised in the petitioner's habeas petition which was filed in October 2002, they are not properly before this court.  The petitioner cites two decisions by the United States Supreme Court, Abney v. United States, 431 U.S. 651, 659 (1977) and Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546 (1949), in support of his claim that the denial of motion for an interlocutory appeal by a state trial court is immediately appealable to this court.  Both decisions involved rulings by federal district courts on pretrial motions and thus do not apply to the petitioner's claim concerning the appealability of a state trial court's decision to this court.  The petitioner also cites Harpster v. State of Ohio, 128 F.3d 322 (6th Cir. 1997), in which the Sixth Circuit Court of Appeals affirmed the district court's decision to grant a federal habeas petition. Before granting the petition, the district court stayed the state court's retrial

of the petitioner in order to allow the petitioner an opportunity to pursue his habeas petition raising a double jeopardy challenge in light of the fact that the petitioner could not immediately appeal the state court's order denying his motion to dismiss the charges against him. Here, the petitioner does not allege that the state trial court's denial of his motion for interlocutory appeal was unappealable to the Connecticut Appellate Court or to Connecticut's Supreme Court. Accordingly, the petitioner's reliance on <u>Harpster</u> is misplaced.

Thus, the court concludes that the petitioner has set forth no basis for reopening this case. The petitioner's Motion for "reconsideration" is DENIED. [Dkt. No. 8].

In his Motion for Order, the petitioner claims that prison officials have delayed his access to the courts by failing to provide him with timely materials, trained personnel, and delivery of legal mail. The petitioner seeks an order directing the Warden of Osborn Correctional Institution to provide him with the tools needed to access the courts.

The court has no jurisdiction to decide this motion. If the court is mistaken and has jurisdiction, it would deny the motion because it is not part of the Complaint.

**CONCLUSION**

Accordingly, the Motion for Reconsideration [Dkt. No. 8] and Motion for Order [Dkt. No. 11] are DENIED.

**SO ORDERED.**

Dated this 5th day of December, 2003, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge